# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **BRENDA DREW** | : | Case No. 1:10cv907 |
| 503 Boal St | : | |
| Cincinnati, OH 45202 | : | (Judge _____) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **QUEST DIAGNOSTICS, INC.** | : | **COMPLAINT WITH JURY** |
| c/o CSC - Lawyers Incorporating Service | : | **DEMAND ENDORSED HEREON** |
| (Corporation Service Company) | : | |
| 50 W. Broad St Suite 1800 | : | |
| Columbus, OH 43215 | : | |
| | : | |
| Defendant. | : | |

## PARTIES

1. Plaintiff Brenda Drew is a resident and citizen of the State of Ohio.

2. Defendant Quest Diagnostics, Inc. is a Michigan corporation located in New Jersey and residing in and doing business in the State of Ohio. Defendant is an employer within the meaning of applicable federal and Ohio law.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant because Defendant transacts business in this division and district.

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

5. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States. Plaintiff's Counts I and II arise under the Family

and Medical Leave Act, 29 U.S.C. §2615 *et. seq.* ("FMLA") and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA").

6. Venue is proper in this Division and District pursuant to 28 U.S.C. § 1391 because Defendant employed Plaintiff in this Division and District, and a substantial part of the events giving rise to Plaintiff's claims occurred within this Division or District.

## FACTUAL ALLEGATIONS

7. Plaintiff was employed by Defendant, and its predecessors, for approximately 15 years until she was notified on December 18, 2008, that her employment was terminated effective January 1, 2009.  At the time she worked as a Laboratory Supervisor/Patient Services.

8. Plaintiff was a loyal and dedicated employee with an excellent work performance record, and Defendant recognized Plaintiff's service with awards and regular merit pay increases.

9. Defendant's locations managed by Plaintiff were always at or above company standards, but in summer 2008, the other Laboratory Supervisors were required to develop a plan for improving their deficient sites.

10. At the time Defendant terminated her employment, Plaintiff had the highest employee satisfaction scores as compared to her peers.

11. Plaintiff tried to schedule surgery for a serious health condition throughout 2008, but her supervisor, Donna Bryant, discouraged her from taking FMLA leave by objecting to her attempts to schedule the surgery, saying the leave would not be at a convenient time.

12. On October 30, 2008, Plaintiff was forced to take FMLA leave when her medical condition worsened and necessitated emergency surgery, and her leave was later extended briefly due to complications.

13. While Plaintiff was on leave for her own serious health condition, she learned that her fiancé, whom she married on December 31, 2008, was diagnosed with cancer.

14. Defendant learned that her fiancé was diagnosed with cancer prior to Defendant terminating her employment, and Defendant knew when Plaintiff and her future husband were planning to marry.

15. At the time that Plaintiff informed Defendant of her fiancé's illness, he was covered under Defendant's medical insurance plan as a domestic partner, and he would have continued to be covered under that plan as her husband after their marriage, had she remained employed by Defendant.

16. Plaintiff would also have been eligible to take FMLA leave to care for her husband once they were married.

17. Plaintiff was scheduled to return to work on January 1, 2009, but Ms. Bryant and Jennifer Lamb of Defendant's Human Resources department notified Plaintiff on December 18, 2008 that her employment was terminated.

18. Defendant claimed that Plaintiff's termination was a reduction in force, but it did not consider her for or advise her of open positions in the company for which she was qualified.

19. When Ms. Bryant and Ms. Lamb informed Plaintiff that she was terminated, they justified the decision by stating that because her fiancé was ill, Plaintiff would not be able to "give 100 percent," thus her termination would be a "blessing."

20. Defendant engages in a pattern and practice of discriminating against individuals who avail themselves of their FMLA and ERISA rights.

## COUNT I

**(FMLA Interference/Retaliation)**

21. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

22. Plaintiff and her future husband had serious health conditions requiring Plaintiff to Plaintiff's care.

23. Plaintiff availed herself of her right to FMLA leave because of her and her husband's serious health conditions by properly notifying Defendant of her need for medical leave for her condition and of her anticipated need for leave for her husband's condition.

24. Defendant treated Plaintiff less favorably than employees who did not avail themselves of their right to FMLA leave and terminated her because she exercised her right to FMLA leave.

25. Defendant interfered with Plaintiff's anticipated use of FMLA leave to care for her and her husband's serious health conditions by terminating her employment

26. Defendant's actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

27. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been injured and is entitled to judgment and compensation pursuant to the FMLA.

## COUNT III

### (ERISA Interference/Retaliation)

28. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

29. Defendant granted certain employee health benefits to Plaintiff and her future husband.

30. Defendant knowingly terminated Plaintiff's employment to avoid providing these benefits to her and her future husband and in retaliation for their use and expected use of those benefits in violation of ERISA.

31. Defendant's actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

32. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to recovery pursuant to ERISA.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) That Defendant be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be reinstated to her employment and benefits effective December 18, 2008;

(c) That Plaintiff be awarded all lost pay and benefits;

(d) That Plaintiff be awarded compensatory damages;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded punitive damages;

(g) That Plaintiff be awarded reasonable attorneys' fees and costs;

(h) That Plaintiff be awarded prejudgment interest;

(i) That Plaintiff be compensated for the adverse tax consequenes of receiving a lump sum award rather than her compensation over several, separate tax years; and

(j) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ Elizabeth S. Loring
George M. Reul, Jr. (0069992)
Elizabeth S. Loring (0076542)
Trial Attorneys for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, OH 45202
Phone: (513) 721-1975/Fax: (513) 651-2570
*greul@frekingandbetz.com*
*eloring@frekingandbetz.com*

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

/s/ Elizabeth S. Loring